IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

COURTNEY GREEN                                                                                         PLAINTIFF

v.                                    Civil No. 5:23-cv-05200-TLB-CDC

WALMART, INC.                                                                                         DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this action against Walmart, Inc., on November 9, 2023. Plaintiff is proceeding *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 5) and Supplement (ECF No. 7) under 28 U.S.C. § 1915(e)(2)(B).

### I.     BACKGROUND

According to the allegations of the Amended Complaint, from 2020 to present, Walmart associates have maliciously been monitoring Plaintiff's "shopping habits, culinary and cosmetic choices and preferences." (ECF No. 5 at 2). "By both a[] collective effort from Walmart associates along with store guest[s] and consumers, these findings were used to orchestrate calculated plots to contaminate and tamper with store bought goods the plaintiff was known to purchase." *Id.* Plaintiff alleges the findings "were also used to predict, control, manipulate and minimize plaintiff['s] shopping choices and options by means of abusing company provided access and resources." *Id.*

1

As a result of the actions, Plaintiff says he has suffered health related issues which he reported to health organizations. (ECF No. 5 at 2). Plaintiff asserts that "[b]y intentionally targeting his person the defendant [has] cause[d] unwarranted exposure of his person by conveying him in a negative light." *Id.* Plaintiff states that the defamation of his "character has already been exploited and has shown to have escalated throughout several states." *Id.*

Plaintiff attaches to his complaint documents showing that the Missouri Division of Employment Security is requiring him to return overpayments made due to his failure to correctly report his employment income. (ECF No. 5 at 4-6). Additionally, Plaintiff attaches e-mails indicating his employer was having difficulty directly depositing Plaintiff's pay. *Id.* at 7. It is not clear what, if any, relationship these documents have to the allegations made in the Amended Complaint.

In the Supplement, Plaintiff says that while the contaminated products were placed on the shelves to target him, other consumers were placed at risk. (ECF No. 7 at 2). Plaintiff asks whether this raises a serious issue of public safety. *Id.*

Plaintiff says the "occurrences were often exploited across the media and entertainment industry." (ECF No. 7 at 2). Plaintiff suggests that "[i]f my person is made out to look or be some sort of public figures . . . people would naturally look up and/or be drawn to me or my person in a spotlight for others to look to for trends and fads as consumers." *Id.* at 3. Plaintiff maintains he would be seen as a "walking advertisement or marketing scheme, which falls under unjust enrichment, exploitation, defamation of character, etc." *Id.* Plaintiff believes he was the subject of nonconsensual inhumane experimentation. *Id.*

In filing the Complaint and Amended Complaint, Plaintiff utilized a civil action form

complaint.  (ECF Nos. 2 & 5).  Plaintiff omitted the jurisdictional section from the Amended Complaint.   (ECF No. 5).   In the original Complaint, Plaintiff asserted both federal question and diversity jurisdiction.   (ECF No. 2 at 3).   When asked to list the federal statutes, treaties, and/or provisions of the Constitution that were at issue, Plaintiff listed the following:   18 U.S.C. § 1365; Title VII of the Civil Rights Act of 1964; 18 U.S.C. § 2261A; 15 U.S.C. § 1692C; 42 U.S.C. § 3617; and 42 U.S.C. § 12203.  *Id.* at 3.

In the Amended Complaint, Plaintiff also failed to indicate the relief he sought.   (ECF No. 5 at 2).   In the original Complaint, Plaintiff stated he was seeking damages in the amount of $1.8 million dollars and a signed apology.  (ECF No. 2 at 4-5).

## II.     LEGAL STANDARD

Under § 1915(e)(2)(B), the Court is obligated to screen the case prior to service of process being issued.   The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we

hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

Plaintiff has alleged that the Court has both federal question and diversity jurisdiction. With respect to the federal question jurisdiction, Plaintiff cites to statutes that have no applicability—criminal statutes—18 U.S.C. § 1365 and 18 U.S.C. § 2261A; a statute securing equal employment opportunities—42 U.S.C. § 2000e *et seq.*; a fair debt collection statute—15 U.S.C. § 1692C; a fair housing statute—42 U.S.C. § 3617; and a statute prohibiting retaliation or coercion against any individual who has opposed equal opportunities for individuals with disabilities—42 U.S.C. § 12203.  Simply put, the Court lacks federal question jurisdiction.

While it appears the requirements for diversity jurisdiction have been met, the Court finds that Plaintiff claims lack an arguable basis in law or fact.  While *pro se* parties are held to a more lenient standard, they must still allege sufficient factual content to support the claims asserted. *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).  The Court "'will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.'" *Id.* (quoting *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989)).

4

Plaintiff has essentially alleged that associates of Walmart conspired with store guests to track the products he buys and then placed contaminated products on the shelves in the hope he would purchase them. These allegations are not supported by factual content. Further, Plaintiff's allegations do not appear to be grounded in reality; instead "ris[ing] to the level of the irrational or wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Having given the Plaintiff the benefit of liberal construction, the Court can discern no plausible claim for relief.[1]

## IV. CONCLUSION

For these reasons, it is recommended that the case be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of the Referral:   Terminated.**

**DATED** this 16th day of November 2023.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[1] This is not the first case filed by the Plaintiff dismissed for these reasons. *See also Green v. Kansas City Public Library,* Case No. 4:22-cv-00084, where the Court found allegations that a branch of the library intentionally monitored, stalked, and exposed sensitive private information as a result of Plaintiff's use of online services at the branch, not supported by sufficient facts and constituting nothing more than speculation and conjecture. (ECF No. 3; W.D. Mo. Feb. 28, 2022)(citing eight other cases making nearly identical allegations against various libraries); *Green v. Vizio, Inc., et al*. Case No. 2:22-cv-07429, in which the Court found the allegations that Plaintiff was being spied on through her television were conclusory and fanciful. (ECF No. 6; C.D. Cal. 10/17/2022).